UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| THOMASINA WHITE | * | CIVIL ACTION NO. 16-0003 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| ARAMARK EDUCATIONAL SERVICES LLC | * | MAG. JUDGE KAREN L. HAYES |

### MEMORANDUM RULING

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Remand [doc. # 7] filed by Plaintiff Thomasina White. The motion is opposed. For reasons stated below, the motion is **GRANTED**.[1]

### Background

According to the petition filed in the Third Judicial District Court Parish of Lincoln on December 4, 2014, Plaintiff alleges that she was attending a function on the campus of Grambling State University, and "fell when she encountered water on the floor as she was exiting the back area of the dining hall through the swinging door." [doc. # 1-1, p. 4]. This allegedly caused the Plaintiff to suffer injuries to her right hip, leg, and back area and damages in the form of physical and mental pain, medical expenses and loss of enjoyment of life. *Id*. at 5. Defendant removed the above-captioned matter pursuant to 28 U.S.C. §§ 1332 and 1441, alleging complete diversity and that "[a] fair reading of the Petition reveals that it is apparent

---

[1] As this motion is not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

that the amount sought by the Plaintiff exceeds $75,000, exclusive of interests and costs." [doc. # 1, p. 3].

On January 27, 2016, Plaintiff filed the instant motion challenging the removal of this matter solely on the basis of Defendant's failure to prove the requisite amount in controversy. [doc. # 7, p. 2]. Additionally, in the instant motion, Plaintiff stipulates that the value of her claim does not exceed the jurisdictional requirements of $75,000 necessary for removal. *Id.* Defendant has opposed the motion. [doc. # 9]. The matter is now before the Court.

## Law

"The removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961)). "In general, defendants may remove a civil action if a federal court would have had original jurisdiction." *Id.* (citing 28 U.S.C. § 1441(a)).

In this case, Defendant asserts that federal jurisdiction exists on the basis of diversity jurisdiction, which, of course, requires complete diversity of citizenship and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Removing defendant has not satisfied either requirement.

**A.    Citizenship**

For purposes of diversity, the citizenship of a limited liability company ("LLC") is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Moreover, for each member of an LLC that is itself an LLC or partnership, its members and their citizenship must be identified and traced up the chain of

2

ownership until one reaches only individuals and/or corporations. *Lewis v. Allied Bronze, LLC*, 2007 WL 1299251 (E.D. N.Y. May 2, 2007); *see also Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009) (suggesting that to discern the citizenship of an LLC, the court must trace citizenship "down the various organizational layers"); *Feaster v. Grey Wolf Drilling Co.*, 2007 WL 3146363, *1 (W.D. La. Oct. 25, 2007) ("citizenship must be traced through however many layers of members or partners there may be").

In this case, the notice of removal does not affirmatively set forth the members and citizenship for defendant, Aramark Educational Services, LLC. [doc. # 1, p. 2]. The notice of removal stated that "[t]he sole member of Aramark Educational Services, LLC is Aramark Educational Group, LLC, a limited liability company organized under the laws of the state of Delaware with its principal place of business in Pennsylvania. No entity which is a member of, or affiliated with, the Defendant Aramark Educational Services, LLC is organized under the laws of the state of Louisiana or has its principal place of business in Louisiana." *Id.*

The citizenship of an LLC is not determined by the state of incorporation or principal place of business, but rather from the citizenship of all of its members. *Harvey*, 542 F.3d at 1080. Additionally, for an LLC, the court must trace citizenship for diversity purposes down the various organizational layers, including when an LLC is the sole member of another LLC. Here, the notice of removal fails to assert the citizenship of Aramark Educational Group LLC's members. In the absence of requisite allegations of citizenship, the record fails to establish diversity of citizenship.

**B.     Amount in Controversy**

Pursuant to the Federal Courts Jurisdiction and Venue Clarification Act of 2011, the

removal statute now specifies that

> [i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--
>
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks–
>
> \*     \*     \*
>
> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded . . .

28 U.S.C. § 1446(c)(2)(A)(ii).

In Louisiana state court cases, plaintiffs are prohibited from alleging a monetary amount of damages in the petition. La. Code Civ. P. Art. 893 (as amended by Acts 2004, No. 334).[2] Thus, the removing defendant must assert the amount in controversy in the notice of removal, which "should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "[T]he removing defendant may support federal jurisdiction either by establishing that it is 'facially apparent' that the claims probably exceed $75,000 or by establishing the facts in controversy in the removal petition or [summary judgment-type evidence] to show that the amount-in-controversy is met." *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003); *accord St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998).

Applying the foregoing precepts here, the Court finds that removing Defendant has failed

---

[2] Albeit, plaintiffs are required to allege when their damages are insufficient to support federal jurisdiction. La. Code Civ. P. Art. 893A.  However, courts have recognized that a party cannot create federal jurisdiction by omission, which is just as likely the result of inadvertence, rather than by design. *See e.g.*, *Lilly v. Big E Drilling Co.*, Civ Action No. 07-1099, 2007 WL 2407254 (W.D. La. Aug. 20, 2007).

to meet their burden of proof regarding the amount in controversy. Defendant neither established that it is facially apparent that Plaintiff's claim exceed $75,000, nor does it allege facts in the removal petition to show that the amount in controversy is met. Defendant relies on the allegations of the complaint. [doc. # 9, p. 4]. The court finds that it is not facially apparent from Plaintiff's complaint that the amount in controversy is met, and Plaintiff claims that her damages do not exceed $75,000.[3] Accordingly, subject matter jurisdiction is lacking and remand is required. 28 U.S.C. § 1447(c).

For the foregoing reasons, the Motion to Remand [doc. # 7] filed by Plaintiff is hereby **GRANTED**; by separate judgment, the court will **REMAND** the case to the Third Judicial District Court for the Parish of Lincoln, State of Louisiana. Because the Defendant's removal was objectively reasonable, Plaintiff's motion for attorney fees and costs is hereby DENIED.

In Chambers, Monroe, Louisiana, this 26th day of February 2016.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff's motion to remand contains a non-binding stipulation that her claim does not exceed $75,000. [doc. # 7, p. 2]. Of course, should defendant later discover evidence proving that the amount in controversy requirement is met, and should it be able to affirmatively allege the citizenship of the individual members of the LLC, then re-removal would be proper.